Devon J. Eggert, Esq.*
Elizabeth L. Janczak, Esq.*
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone: 312.360.6000
Facsimile: 312.360.6520
deggert@freeborn.com
ejanczak@freeborn.com
* *Admitted pro hac vice*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RUNWAY LIQUIDATION HOLDINGS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-10466 (SCC)<br><br>(Jointly Administered) |
| RUNWAY LIQUIDATION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HING SHING LOOPING MANUFACTURING CO., LTD.,<br><br>Defendant. | Adv. Proc. No. 19-01072 (SCC) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT
TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550**

Defendant, Hing Shing Looping Manufacturing Co., Ltd. ("Defendant") by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to the *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550* (the

---

[1] A list of the Post-Effective Date Debtors in these chapter 11 cases, along with the last four digits of each Post-Effective Date Debtor's federal tax identification number include: Runway Liquidation Holdings, LLC (6857); Runway Liquidation, LLC (5942); Runway Liquidation Intermediate Holdings, LLC (3673); MR Liquidation, LLC (9200); and MMH Liquidation, LLC (3854).

"*Complaint*") filed by Runaway Liquidation, LLC (the "Plaintiff"), alleges as follows:

### Nature of the Action

1.  The Plaintiff brings this action against the Defendant to avoid and recover certain preferential transfers that occurred during the 90-day period prior to commencement of the bankruptcy cases of the above-captioned debtors (the "Debtors").

**ANSWER**: Defendant admits that Plaintiff seeks to avoid and recover certain transfers made to Defendant during the 90-day period prior to commencement of the bankruptcy cases. Defendant denies the remaining allegations of Paragraph 1.

### The Parties

2.  Pursuant to Article IV, Section D of the *Amended Joint Plan of Reorganization of BCBG Max Azria Global Holdings LLC and its Debtor Affiliates Pursuant to Chapter 11* of the Bankruptcy Code filed July 21, 2017 (the "Plan") [Docket #564], Plaintiff has the authority to prosecute avoidance actions.

**ANSWER**: Defendant neither admits nor denies allegations that purport to characterize provisions of the Plan. Answering further, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2, and, on that basis, denies the allegations.

3.  Upon information and belief, the Defendant is a foreign entity that maintains its principal place of business at Flat B, 10/F Wing Tai Center, 12 Bing Yip Street, Kwun Tong, Kowloon, Hong Kong, and the Defendant shipped goods or provided services to the Debtors in the United States.

**ANSWER**: Admitted.

### Jurisdiction and Venue

4.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 363(b), 1103(c) and 1107(a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 9019(a).

**ANSWER**: Denied.

5. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sections 547 and 550 of the Bankruptcy Code.

**ANSWER**: Admitted.

## Case Background

6. On February 28, 2017 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On July 26, 2017, the Court entered the Confirmation Order confirming the Plan and on July 31, 2017, the Effective Date of the Plan (as that term is defined in the Plan) occurred. *See Notice of (I) Entry of order Confirming the Amended Joint Plan of Reorganization of BCBG Max Azria Global Holdings, LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (II) Occurrence of Effective Date* [Docket No. 601].

**ANSWER**: Admitted.

7. Pursuant to the Plan, the Debtors (now known as the Post-Effective Date Debtors) continue in existence after the Effective Date of the Plan (as that term is defined in the Plan) for purposes of, among other things, winding down the Debtors' businesses and affairs and prostrating Causes of Action (as that term is defined in the Plan).

**ANSWER**: Defendant neither admits nor denies allegations that purport to characterize provisions of the Plan. Answering further, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 and, on that basis, denies the allegations.

## Facts

8. BCBG—an acronym for the French phrase "bon chic, bon genre," meaning "good style, good attitude"— was founded by Max Azria in Los Angeles, California in 1989. Over the course of the next three decades, BCBG grew to well over 550 retail stores across the United States, Canada, Europe and Japan, becoming a well-known and respected name in high-end women's apparel and accessories.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 and, on that basis, denies the allegations.

9. Prior to the Petition Date, Debtor BCBG Max Azria Group, LLC ("BCBG") made certain payments to Defendant for goods and/or services provided to Debtors pursuant to invoices or statements submitted by Defendant to the Debtors, including but not limited to the transactions between the parties identified on Exhibit A attached hereto.

3

**ANSWER**: Defendant admits that it received certain payments from Plaintiff prior to the Petition Date on account of goods provided. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 9 and, on that basis, denies the allegations.

10. During the ninety days prior to the Petition Date, BCBG made payments to or for the benefit of the Defendant, including those identified on <u>Exhibit A</u> attached hereto (collectively, the "Transfers"). <u>Exhibit A</u> sets forth the details of each of the Transfers, including payment date and payment amount. The aggregate amount of the Transfers is not less than $500,000.00.

**ANSWER**: Defendant admits that it received an aggregate amount of $500,000 within the ninety days prior to the Petition Date. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 10 and, on that basis, denies the allegations.

11. Although it is possible that some of the Transfers may be subject in whole or in part to defenses under 11 U.S.C. § 547(c), Defendant bears the burden of proof pursuant to 11 U.S.C. § 547(g) to establish any defense(s) under 11 U.S.C. § 547(c).

**ANSWER**: The allegations in this paragraph merely cite to the provisions of statutes, which speak for themselves. Defendant thus denies the allegations in this paragraph.

### FIRST CLAIM FOR RELIEF

### (Avoidance of Preferential Transfers – 11 U.S.C. § 547)

12. The Plaintiff repeats and alleges the allegations in paragraphs 1 through 11, above, as though fully set forth at length.

**ANSWER**: Defendant hereby incorporates its answers to paragraphs 1 through 11 as if fully stated herein.

13. Within the ninety days prior to the Petition Date, Debtor BCBG made the Transfers to Defendant in the total amount of $500,000.00, as more specifically described in <u>Exhibit A</u>.

**ANSWER**: Defendant admits it received $500,000 within the ninety days prior to the Petition Date. Defendant denies the remaining allegations of Paragraph 13.

4

14. Each of the Transfers to the Defendant was a transfer of property of the Debtors.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and, on that basis, denies the allegations.

15. Each of the Transfers to the Defendant was made to or for the benefit of the Defendant.

**ANSWER**: Admitted.

16. The Defendant was a creditor of the Debtors (within the meaning of 11 U.S.C. § 110(10)) at the time each of the Transfers was made or, alternately, received the Transfers for the benefit of a creditor or creditors of the Debtors.

**ANSWER**: The allegations in Paragraph 16 call for a legal conclusion, and Defendant therefore denies the allegations in this Paragraph.

17. Each of the Transfers to the Defendant was made on account of an antecedent debt owed by the Debtors to the Defendant before the Transfer was made.

**ANSWER**: Admitted.

18. Each of the Transfers was made while Debtor BCBG was insolvent. BCBG is presumed to be insolvent during the 90 days preceding the Petition Date pursuant to 11 U.S.C. § 547(f).

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, denies the allegations.

19. Each of the Transfers enabled the Defendant to receive more than the Defendant would have received if (i) the Transfers had not been made, and (ii) the Defendant received payment on account of the debt paid by each of the Transfers to the extent provided by the Bankruptcy Code.

**ANSWER**: Denied.

20. As of the date hereof, the Defendant has not returned any of the Transfers to the Plaintiff.

**ANSWER**: Defendant admits that it has not returned the Transfers to Plaintiff, but denies that it has any obligation to return the Transfers to Plaintiff.

21. The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

**ANSWER**: Denied.

## SECOND CLAIM FOR RELIEF

### (Recovery of Property – 11 U.S.C. § 550)

22. The Plaintiff repeats and realleges the allegations in paragraphs 1 through 21, above, as though fully set forth at length.

**ANSWER**: Defendant hereby incorporates its answers to paragraphs 1 through 21 as if fully stated herein.

23. Pursuant to 11 U.S.C. § 550(a), to the extent that a transfer is avoided under 11 U.S.C. § 547, Plaintiff may recover, for the benefit of the estates, the property transferred or the value of such property from (a) the initial transferee of such transfer of the entity for which such transfer was made or (b) any immediate or mediate transferee of such initial transferee.

**ANSWER**: The allegations in this paragraph merely cite to the provisions of statutes, which speak for themselves. Defendant thus denies the allegations in this paragraph.

24. The Defendant is either (a) the initial transferee of the Transfers, the entity for whose benefit the Transfers were made, or (b) an immediate or mediate transfer of the initial transferee.

**ANSWER**: Admitted.

## AFFIRMATIVE DEFENSES

As and for the affirmative defenses to the Complaint, Defendant alleges and states as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff cannot avoid any transfers to Defendant under 11 U.S.C. § 547(b) because such transfers were intended by the applicable Debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the applicable Debtor and in fact were a substantially contemporaneous exchange. Accordingly, such transfers are protected from avoidance by 11 U.S.C. § 547(c)(1).

### SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot avoid any transfers to Defendant under 11 U.S.C. § 547(b) because the transfers were in payment of debts incurred by the applicable Debtor in the ordinary course of business or financial affairs of the applicable Debtor and Defendant, and such transfers were made in the ordinary course of business or financial affairs of the applicable Debtor and Defendant. Accordingly, such transfers are protected from avoidance by 11 U.S.C. § 547(c)(2)(A).

### THIRD AFFIRMATIVE DEFENSE

Plaintiff cannot avoid the transfers to Defendant under 11 U.S.C. § 547(b) because the transfers were in payment of debts incurred by the debtor in the ordinary course of business or financial affairs of the applicable Debtor and Defendant, and such transfers were made according to ordinary business terms. Accordingly, such transfers are protected from avoidance by 11 U.S.C. § 547(c)(2)(B).

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot avoid the transfers to Defendant under 11 U.S.C. § 547(b) because after such transfers, Defendant gave new value to or for the benefit of the Debtors not secured by an otherwise unavoidable security interest and on account of which new value the Debtors did not make an otherwise unavoidable transfer to Defendant. Accordingly, such transfers are protected from avoidance by 11 U.S.C. § 547(c)(4).

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because Plaintiff has failed to state a claim upon which relief can be granted against Defendant.

Defendant reserves the right to amend and supplement its answer and affirmative defenses as necessary through ongoing discovery.

**WHEREFORE,** Defendant requests that the Court dismiss the Complaint, award Defendant costs and expenses and such other further and equitable relief is found just and proper by the Court.

Dated: June 21, 2019

Respectfully submitted:

/s/ Devon J. Eggert
One of its Attorneys

Devon J. Eggert, Esq.*
Elizabeth L. Janczak, Esq.*
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone: 312.360.6000
Facsimile: 312.360.6520
deggert@freeborn.com
ejanczak@freeborn.com
* Admitted pro hac vice

*Counsel for Hing Shing Looping Manufacturing Co., Ltd.*

## CERTIFICATE OF SERVICE

I, Devon J. Eggert, an attorney, hereby certify that on June 21, 2019, I caused a true and correct copy of the foregoing *Defendant's Answer and Affirmative Defenses to Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547 and 550* to be filed with the Court and served upon the following parties by the manner listed below.

/s/ Devon J. Eggert

**CM/ECF Service List**

| | |
|---|---|
| Beth E. Levine, Esq. | blevine@pszjlaw.com |
| Andrew W. Caine, Esq. | acaine@pszjlaw.com |
| Jason S. Pomerantz, Esq. | jspomerantz@pszjlaw.com |